IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MARILYN M. SLONIKER,

      Plaintiff,                                    OPINION AND ORDER

     v.                                             26-cv-170-wmc

EDUCATORS CREDIT UNION,
JOHN DOES 1-50,

      Defendants.

_____

Representing herself, plaintiff Marilyn M. Sloniker has filed this civil action and several others like it against Educators Credit Union ("ECU") and John Does 1-50 to quiet title to a piece of real property located in Beloit, Wisconsin. (Dkt. #1.) Sloniker has also filed an emergency motion to vacate a state court foreclosure judgment obtained by ECU in Rock County Circuit Court Case No. 2023CV1073 and a motion for a temporary restraining order. (Dkts. ##3-4.) Because Sloniker seeks leave to proceed without prepayment of the filing fee (dkt. #6), the court must screen and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). In screening any complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient pleading standard, however, the court must dismiss this action for lack of jurisdiction for reasons explained below.

1

OPINION

Plaintiff alleges that ECU claims an interest in a piece of real property located at 2442 W. Beloit Newark Rd. in Beloit, Wisconsin (dkt. #2), as the result of a foreclosure judgment obtained by ECU in Rock County Circuit Court Case No. 2023CV1073. (Dkt. #1, at 2.) Nevertheless, plaintiff claims a "superior interest" in the property and contends that while ECU "may claim an interest in the mortgage" on this property, it has not established that it was "the holder of the promissory note or entitled to enforce the note at the time of foreclosure." (*Id*.) Accordingly, plaintiff asks the court to enter a judgment "quieting title to the subject property" in her favor and declaring that ECU has no "valid, enforceable interest in the property." (*Id*.)

This court has "an independent obligation to satisfy itself that federal subject matter jurisdiction exists before proceeding to the merits in any case." *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). Generally, federal courts have the authority to hear two types of cases: (1) cases in which the plaintiff alleges a violation of his or her constitutional rights or rights established under federal law, 28 U.S.C. § 1331; and (2) cases in which a citizen of one state alleges a state law claim against a citizen of another state that amounts to more than $75,000. 28 U.S.C. § 1332. As the party invoking federal jurisdiction, plaintiff bears the burden of demonstrating its existence. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 674, 679 (7th Cir. 2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

2

Here, plaintiff seeks to quiet title to a piece of real property that was already the subject of a foreclosure action, which is a state-law matter, not a federal one.  *Westby Co-Op Credit Union v. Trails End Motel, LLC*, No. 26-cv-84-jdp, 2026 WL 323639, at *1 (W.D. Wis. Feb. 6, 2026).  In particular, this court cannot exercise diversity jurisdiction because there is no indication that defendant ECU (a Wisconsin-chartered credit union) is a citizen of a different state from plaintiff or the real property at issue.  Plaintiff does not otherwise articulate facts in support of an exercise of federal-question jurisdiction.  In any event, a federal district court does not have jurisdiction to overturn the state court's judgment of foreclosure.  *See Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 765 (7th Cir. 2024) (en banc) (applying the *Rooker-Feldman* doctrine, named after *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), as a jurisdictional bar to revisiting a state court judgment in federal court).  Because plaintiff is plainly asking the court to vacate a state foreclosure judgment obtained by ECU, the action must be dismissed for lack of subject matter jurisdiction.

While the Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving the plaintiff a chance to amend the complaint, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), the court will dismiss this action without prejudice and without leave to amend, since any amended pleading would be futile under the essential factual circumstances alleged.  *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile").

ORDER

IT IS ORDERED THAT:

1) The complaint filed by plaintiff Marilyn M. Sloniker is DISMISSED without prejudice for lack of subject matter jurisdiction.

2) All of plaintiff's motions are DENIED.

3) The clerk of court is directed to enter judgment and close this case.

Entered this 5th day of March, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge